IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

NICOLAS ESTRELLA,

    Plaintiff,

v.                                                                                            **JURY TRIAL DEMANDED**

FEDERAL INSURANCE COMPANY,

    Defendant.
_____/

## COMPLAINT

Plaintiff NICOLAS ESTRELLA ("Plaintiff"), by and through undersigned counsel, and for its Complaint, hereby sues Defendant FEDERAL INSURANCE COMPANY ("Federal Insurance Company" or the "insurance company") and alleges as follow:

### I. NATURE OF ACTION

1.  This is an action for breach of contract and declaratory judgment against Federal Insurance Company.

### II. PARTIES AND JURISIDCTION

2.  Plaintiff is a citizen of Florida.

3.  Federal Insurance Company is a stock insurance company incorporated in Indiana with its principal place of business in New Jersey.

4.  This Court has subject matter jurisdiction over the Complaint pursuant to 28 U.S.C. § 1332, as the parties reside in different states, and the amount in controversy exceeds the

sum or value of $75,000, exclusive of interest and costs.

5. This Court has personal jurisdiction over Federal Insurance Company, since it regularly transacts business within this state; has an office or agency in this state; contracted to insure property located within this state at the time of contracting; and breached a contract in this state by failing to perform acts required by the contract to be performed in this state.

6. Venue is proper in this district under 28 U.S.C. § 1391(a)(2).

### III. GENERAL ALLEGATIONS

7. Plaintiff is the owner of an eighty-five foot Azimut motor yacht M/Y Star One (the "boat").

8. At all times relevant to this action, Plaintiff and Federal Insurance Company were parties to a policy insuring Plaintiff's boat (the "policy"). A true and correct copy of the policy is annexed hereto as Exhibit A.

9. The policy covers, inter-alia, physical loss if the boat is damaged or destroyed. The policy also provides liability protection, covering damages for which Plaintiff is legally responsible.

10. Certain reasonable conditions apply to physical damage and liability coverage under the policy. For example, the insurance company reserves the right to conduct a reasonable investigation. Specifically, the policy provides: "We have the right to examine separately under oath, as often as we may <u>reasonably</u> require, you, family members, captain or full time paid crew members, other members of your household, anyone using your yacht with your permission, and anyone related to you with knowledge of the loss [or occurrence] and have them subscribe the same." (Policy at Y-3 and Y-4, emphasis supplied.) The insurance company also reserves the right to compel a signed statement from the insured regarding the circumstances of the loss or

2

COFFEY BURLINGTON
___
OFFICE IN THE GROVE, PENTHOUSE   2699 SOUTH BAYSHORE DRIVE   MIAMI, FLORIDA 33133
T: 305.858.2900   F: 305.858.5261
Email: info@coffeyburlington.com   www.coffeyburlington.com

occurrence, to compel the insured to produce records and documents, and to permit the insurance company to make copies thereof. (Id.)

11. Sometime near the end of April 2009, Plaintiff's boat was stolen from his dock adjacent to his house on Key Biscayne, Florida. Plaintiff learned of the theft when his son received a call from a yacht broker informing him that the boat had been found partially submerged between South Florida and the Bahamas.

12. In May, 2009, Plaintiff gave the insurance company due and timely notice and proof of loss. Plaintiff has otherwise performed and satisfied all required conditions for payment of loss under the policy.

13. Immediately following Plaintiff's submission of his claim, the insurance company began its investigation into the loss, which purportedly continues to this day.

14. Within the first weeks of the investigation, the insurance company had interviewed Plaintiff, his former boat captain, boat mate, boat broker, Robert Figueredo, Plaintiff's two sons, and several other people; inspected, photographed and received substantial documentation pertaining to the boat; visited Plaintiff's home and the dock where the boat was kept prior to the theft; photographed the premises; and visited Plaintiff's office.

15. The insurance company also propounded 42 broad categories of document and record requests, much of which the insurance company already possessed. The insurance company even wanted, and received, Plaintiff's passport, as well as home and personal cell phone records.

16. Plaintiff, the victim of a theft, was being treated by his insurance company as a suspect. It has been over ten months since Federal Insurance Company began its investigation into Plaintiff's claim of loss on his insured boat, the Star One. Since that time, in purported

3

COFFEY BURLINGTON
OFFICE IN THE GROVE, PENTHOUSE   2699 SOUTH BAYSHORE DRIVE   MIAMI, FLORIDA 33133
T: 305.858.2900   F: 305.858.5261
Email: info@coffeyburlington.com   www.coffeyburlington.com

furtherance of its "investigation," the insurance company has subjected Plaintiff to a bureaucratic and administrative gauntlet that exceeds all bounds of reasonableness. For example, the insurance company has propounded countless duplicative requests for the same documents, only to claim that it cannot conclude its investigation without documents that it already had in its possession. Its requests even include requests for documents the insurance company itself generated and maintains.

17. The Federal Insurance Company has conducted interviews of dozens of people. It has also used Examinations Under Oath, a form of undefended deposition akin to a grand jury inquest. The interviews and Examinations Under Oath included Plaintiff, his children, his secretary, the yard service at his home, the boat captain, the boat mechanic, the boat broker, and his neighbors. In another tactic representative of its larger strategy of endlessly perpetuating its open investigation, the insurance company maintains that it cannot make a determination of coverage unless Plaintiff produces even more individuals for interrogation, despite the fact that Plaintiff does not control these individuals and cannot compel them to do anything. For example, the Federal Insurance Company investigators and lawyers asked Plaintiff to arrange for one Robert Figueredo's cooperation in its investigation and his consent to be interviewed by an investigator employed by the Federal Insurance Company. Plaintiff asked Mr. Figueredo to submit to such an interview and Mr. Figueredo agreed to the request. Mr. Figueredo was extensively questioned by the insurance company's investigator nearly nine months ago. Months after that interview, Federal Insurance Company asked Plaintiff to arrange for Mr. Figueredo to undergo an Examination Under Oath. Knowing that Plaintiff could ask, but not force, Mr. Figueredo to submit to such an exam, Federal Insurance Company held against its own insured his inability to convince Mr. Figueredo to submit to any further interrogation. Although Plaintiff

4

COFFEY BURLINGTON

OFFICE IN THE GROVE, PENTHOUSE   2699 SOUTH BAYSHORE DRIVE   MIAMI, FLORIDA 33133
T: 305.858.2900   F: 305.858.5261
Email: info@coffeyburlington.com   www.coffeyburlington.com

asked him, Mr. Figueredo declined, stating that he had already answered the insurance investigators questions once. Moreover, Mr. Figueredo revealed his reason – i.e. the insurance company had defamed him after previously interviewing him and for those reasons he was unwilling to subject himself to more questioning by lawyers or investigators working for Federal Insurance Company. Knowing that Plaintiff could not force Mr. Figueredo to sit for an Examination Under Oath, Federal Insurance Company informed Plaintiff that it would not conclude its investigation without conducting an Examination Under Oath of Mr. Figueredo and, moreover, would not pay or deny the claim until its investigation was concluded.

18. Federal Insurance Company's goal in subjecting Plaintiff to its labyrinthine maze of requests and impossible requirements is utterly transparent: unable to come up with a defensible reason to deny Plaintiff's $3 million (three million dollar) claim and to further decline to pay Plaintiff's attorneys fees in the salvor's claim in this Court, Federal Insurance Company perpetuates its "open investigation" indefinitely. In turn, Federal Insurance Company uses its open investigation as a justification under the policy for neither paying nor denying the claim.

19. However, the insurance policy – which requires that the insurance company's investigation of claims be reasonable – clearly prohibits this abusive and dilatory conduct by the insurance company. Accordingly, Federal Insurance Company is in breach of its duties under the insurance policy.

20. Throughout and despite this ordeal, Plaintiff continued to cooperate with the investigation, providing complete access to himself and his family, and submitting all documents in his possession as requested by Federal Insurance Company.

21. However, the insurance company, increasingly intent on finding a reason to deny the claim, continued to badger Plaintiff for documents he either did not have or had already

5

provided. The insurance company's requests became progressively more duplicative. When Plaintiff protested this as unnecessary harassment, the insurance company responded with even more document requests, begrudgingly noting therein that certain documents had been "apparently provided," but requesting them again, nonetheless. For many of the categories of requests, Plaintiff provided the documents to the insurance company two or three separate times, only to receive another request with a notation next to the category, "none provided." The insurance company even demanded the names and phone numbers of people with whom Plaintiff had bought and sold cattle!!

22. By the middle of July, 2009, the insurance company had begun faxing letters to Plaintiff's place of business outlining its voluminous and repetitive document requests and publishing by innuendo its suspicion of Plaintiff to all his employees. The insurance company also published and promoted throughout the Bahamas a fifty thousand dollar ($50,000) reward pertaining to the theft and scuttling of Plaintiff's vessel and thereby unfairly and falsely associating Plaintiff's name with the crime itself.

23. By the end of July, the insurance company demanded Examinations Under Oath of Plaintiff, his children, his employees, and former boat captains and staff, even though its investigator had already conducted numerous interviews of the same people.

24. The Examinations Under Oath of Plaintiff's children, his employees, his former boat captain, staff, and boat broker continued into the fall of 2009.

25. Meanwhile, on August 17, 2009, Esoteric, LLC – the owner of the M/V Esoteric, an eighty-one foot West Bay Sonship – filed a Complaint seeking a decree for salvage services rendered in towing the boat to Chub Key in the Bahamas after it was allegedly discovered floating, partially submerged, in a well-travelled channel between Nassau, Bahamas and South

Florida. Esoteric, LLC names the boat as an in rem defendant, and Plaintiff and Federal Insurance Company, (the insurer of the Star One), as additional defendants.

26. Esoteric, LLC's lawsuit is an insured event, and the insurance company is obligated to either tender a defense or pay Plaintiff's fees and costs in connection with the case, but has failed and refuses to do either.

27. By virtue of Federal Insurance Company's wrongful conduct as alleged above, all conditions precedent to bringing this Crossclaim have been satisfied or waived.

## IV. CAUSES OF ACTION

### Count I
### (Declaratory Judgment Against Federal Insurance Company)

Plaintiff incorporates paragraphs 1 through 27 as if set forth fully herein.

28. This is an action for declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. § 2201.

29. Plaintiff and the insurance company are parties to a valid and binding insurance policy covering physical loss if the boat is damaged or destroyed, and providing liability protection over damages for which Plaintiff is claimed to be legally responsible.

30. Plaintiff has submitted a valid claim of loss to the insurance company and has duly demanded payment under the policy.

31. However, the insurance company unreasonably and in bad faith refuses to make a determination of coverage.

32. Plaintiff has also demanded that the insurance company tender him a defense to Esoteric, LLC's lawsuit or pay Plaintiff's fees and costs in connection with the case.

33. However, the insurance company unreasonably and in bad faith refuses to tender

7

COFFEY BURLINGTON
OFFICE IN THE GROVE, PENTHOUSE   2699 SOUTH BAYSHORE DRIVE   MIAMI, FLORIDA 33133
T: 305.858.2900   F: 305.858.5261
Email: info@coffeyburlington.com        www.coffeyburlington.com

Plaintiff a defense to Esoteric, LLC's lawsuit or pay Plaintiff's fees and costs in connection with the case.

34. As a result of the parties' dispute regarding coverage of Plaintiff's claim under the policy, there exists a bona fide, actual, present and practical need for a declaration that Plaintiff is entitled to payment on his claim of loss, or, in the alternative, a declaration that the insurance company's investigation has exceeded all bounds of reasonableness and that the insurance company must immediately make a determination of coverage on Plaintiff's claim. Additionally, there exists a bona fide, actual, present and practical need for a declaration that Federal Insurance Company must tender Plaintiff a defense to Esoteric, LLC's lawsuit or pay Plaintiff's fees and costs in connection with the case.

35. WHEREFORE, Plaintiff Nicolas Estrella requests the entry of a declaratory judgment that he is entitled to full payment on his claim of loss, or, in the alternative, a declaration that the insurance company must immediately make a determination of coverage on Plaintiff's claim. Plaintiff also requests the entry of a declaratory judgment that Federal Insurance Company must tender Plaintiff a defense to Esoteric, LLC's lawsuit or pay Plaintiff's fees and costs in connection with the case.

### Count II
### (Breach of Contract by Failing to Pay Insured Loss)

Plaintiff realleges and incorporates paragraphs 1 through 27 as if set forth fully herein.

36. This is an action for breach of contract.

37. Plaintiff and Federal Insurance Company are parties to a valid and binding insurance policy covering physical loss if the boat is damaged or destroyed, and providing liability protection for damages for which Plaintiff is alleged to be legally responsible, including

the salvage claim that is the main action.

38. Plaintiff has submitted a valid claim of an insured loss to Federal Insurance Company and has duly demanded payment under the policy. But even after eleven months time the insurance company has failed to pay the claim in breach of the contract.

39. As a direct and proximate result of the insurance company's breach, Plaintiff has been damaged.

WHEREFORE, Plaintiff demands judgment against Federal Insurance Company for damages, interest, prejudgment interest, costs and such other and further relief as this court might deem just and proper.

### Count III
### (Breach of Contract by Failing to Pay Legal Fees in Salvor's Claim)

Plaintiff realleges and incorporates paragraphs 1 through 27 as if set forth fully herein.

40. This is an action for breach of contract.

41. The claims by Esoteric against Federal Insurance Company's insured (Plaintiff and the boat) are insured events in the contract of insurance Plaintiff purchased from Federal Insurance Company.

42. Plaintiff has requested that Federal Insurance Company tender a defense or pay his legal fees in defense of the salvor's claim brought by Esoteric because the salvor's claim against Estrella and his vessel, Star One, is an insured event. Nevertheless, Federal Insurance Company failed to tender Plaintiff a defense or pay his legal fees and thereby breached the contract of insurance.

43. As a direct and proximate result of Federal Insurance Company's breach, Plaintiff has been damaged.

9
COFFEY BURLINGTON
OFFICE IN THE GROVE, PENTHOUSE   2699 SOUTH BAYSHORE DRIVE   MIAMI, FLORIDA 33133
T: 305.858.2900   F: 305.858.5261
Email: info@coffeyburlington.com   www.coffeyburlington.com

WHEREFORE, Plaintiff demands judgment for damages against Federal Insurance Company as well as interest, pre-judgment interest, costs, legal fees, and all other and further relief as is appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial as to all issues so triable.

Dated: March 25, 2010.

> Respectfully submitted,
>
> COFFEY BURLINGTON
> Office in the Grove, Penthouse
> 2699 South Bayshore Drive
> Miami, Florida 33133
> Tel: 305-858-2900
> Fax: 305-858-5261
> Counsel for Plaintiff Nicolas Estrella
>
> By: _____
> Robert K. Burlington – Florida Bar No. 261882
> Email: *rburlington@coffeyburlington.com*
> Benjamin H. Brodsky – Florida Bar No. 73748
> Email: *bbrodsky@coffeyburlington.com*