UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-20938-CIV-KING

NICHOLAS ESTRELLA,

    Plaintiff,

v.

FEDERAL INSURANCE COMPANY,

    Defendant.
_____/

## ORDER DENYING SUMMARY JUDGMENT

**THIS MATTER** comes before the Court upon Defendant Federal Insurance Company's Motion for Summary Judgment (DE #194), filed July 29, 2011. The Court is fully briefed in the matter.[1] Upon review of the record and careful consideration, the Court finds that genuine issues of material fact in the record preclude summary judgment.

**I.    Background**

This an action for breach of contract and declaratory judgment arising from an insurance dispute. Plaintiff Nicolas Estrella owns the M/Y Star One, an eighty-five foot motor yacht ("Star One"). Defendant Federal Insurance Company ("Federal") issued an insurance policy for the Star One, insuring it against physical loss if the boat is damaged or destroyed. On May 3, 2009, the Star One was seriously damaged when it nearly sank near the Bahamas. Plaintiff tendered a proof of loss to Federal, but Federal refused to pay

---

[1] Plaintiff Nicolas Estrella filed a Response in Opposition to Defendant's Motion for Summary Judgment (DE #201) August 15, 2011

Plaintiff's claim on the ground that Plaintiff had intentionally scuttled the Star One.

The facts surrounding the discovery of the Star One by salvors are undisputed. On May 3, 2009, the Star One nearly sank off Andros Island, Bahamas. The yacht was discovered by salvors in an inverted position, nearly submerged, with the hatches and doors wired open, portlights and portholes either broken or in an open position, hoses and pipes aboard the vessel cut open, and the inflatable tenders of the vessel deflated. The salvors towed the vessel back to shore and recovered a salvage award for their efforts, as provided by maritime law.

However, what happened to the boat prior to the salvors' arrival on the scene is vehemently contested. Plaintiff Estrella claims the Star One was stolen from his private dock sometime in late April. By contrast, Defendant Federal contends that Estrella hired two men to take the Star One to the waters off the Bahamas and sink it in order to fraudulently obtain insurance proceeds. Evidence supporting each theory is present on the record now before the Court.

## II. Summary Judgment Standard

Summary judgment is appropriate where the pleadings and supporting materials establish that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A fact is "material" if it is may determine the outcome under the applicable substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Allen*, 121 F.3d at 646. If the record as a whole could not lead a rational fact-finder to find

for the nonmoving party, there is no genuine issue of fact for trial. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The nonmoving party must show specific facts to support that there is a genuine dispute. *Id.*

On a motion for summary judgment, the court must view the evidence and resolve all inferences in the light most favorable to the nonmoving party. *See Anderson*, 477 U.S. at 255. However, a mere scintilla of evidence in support of the nonmoving party's position is insufficient to defeat a motion for summary judgment. *See id.* at 252. If the evidence offered by the nonmoving party is merely colorable or is not significantly probative, summary judgment is proper. *See id.* at 249–50. However, in reviewing the record evidence, the Court may not undertake the jury's function of weighing the evidence properly offered by the Parties. *Latimer v. Roaring Toyz, Inc.*, 601 F.3d 1224, 1237 (11th Cir. 2010) ("[Plaintiff]'s evidence must be taken at face value, and all justifiable inferences are to be drawn in his favor. Neither we nor the district court are to undertake credibility determinations or weigh the evidence.").

### III. Discussion

The main issue in the above-styled case is whether Plaintiff Estrella intentionally caused the sinking of the Star One. In general, marine insurance policies only cover losses caused by an "accident or fortuity." *Certain Underwriters at Lloyds, London v. Inlet Fisheries, Inc.*, 518 F.3d 645, 654 (9th Cir. 2008). The intentional sinking, or scuttling, of a vessel by an insured is not a "fortuitous" event. *Northwestern Mut. Life Ins. Co. v. Linard*, 498 F.2d 556, 561 (2d Cir. 1974); *Axis Reinsurance Co. v. Henley*, Case No. 4:08cv168-

WCS, 2009 WL 3416248, at *15 (N.D. Fla. Oct. 22, 2009) ("A loss is not considered fortuitous if it results from . . . the intentional misconduct of the insured."). Additionally, the policy at issue specifically excludes intentional loss and losses caused by illegal actions of an insured person. (DE #1, Exh. A at B-5–B-6). Thus, Defendant Federal has correctly argued that an intentional sinking of the Star One by Defendant Estrella would not be "an accident or fortuity," and losses caused by such an intentional sinking would not be payable under the insurance policy.

Here, Federal has come forward with evidence supporting the inference that Plaintiff Estrella hired two men, acquaintances of Estrella, to sink the Star One so that Plaintiff could collect insurance proceeds from Federal. For example, Federal presented the deposition testimony of Lorene Bariso, who claims she drove the two scuttlers to Estrella's private dock on the morning the Star One sank. Bariso Depo. 19:21–20:14 (DE #177-1). Ms. Bariso also testified that one of the alleged scuttlers, Robert Figueredo, told her Estrella paid him to sink the Star One. Bariso Depo. 18:20–19:3 (DE #177-1). Federal also presented evidence that Plaintiff was experiencing extreme financial difficulties immediately before the Star One nearly sank. For example, Estrella's business defaulted on a $16,000,000 line of credit in May 2009, for which Estrella was personally liable for at least $2,000,000. Ferguson Depo. 21:25–22:4; 22:17–23:1 (DE #181-1). Finally, Federal presented evidence that although the Star One was insured for $3,000,000 (DE #1, Exh. A), the fair market value of the Star One at the time of loss was only $1,125,000 to $1,220,000. Dunbar Decl. ¶ 10 (DE #172-1).

Although the evidence presented by Federal supports an inference that Plaintiff

4

Estrella intentionally caused the Star One to be scuttled, Plaintiff has come forward with evidence that directly contracts that inference. Specifically, Plaintiff Estrella and the two men he allegedly hired to scuttle the boat all swore at their depositions that they did not participate in any scheme to scuttle the Star One. Estrella Depo. 21:14–16 (DE #199-1); MacKenzie Depo. 41:24–43:20 (DE #186); Caballero Depo. 51:22–52:15; 56:20–57:5; 58:25–59:10 (DE #197-1). This is a classic genuine issue of material fact that precludes summary judgment. Resolving this factual question would require the court to weigh the evidence presented by both Parties, and to make credibility determinations as to the witnesses. The Court is not permitted to weigh the evidence or pass on the credibility of witnesses when ruling on a motion for summary judgment. To do so would be an impermissible invasion of the province of the jury.

Accordingly, after a careful review of the record and the Court otherwise being advised in the premises, it is

**ORDERED, ADJUDGED and DECREED** that Defendant Federal Insurance Company's Motion for Summary Judgment **(DE #194)** is **DENIED.**

**DONE AND ORDERED** in chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this 19th day of August, 2011.

*/s/ James Lawrence King*
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

**Copies furnished to:**

*Counsel for Plaintiff:*

**Michael Ramer Karcher**
Karcher Canning & Karcher
888 SE Third Avenue
Suite 300
Fort Lauderdale, FL 33316
Email: mrk@ukandk.com

*Counsel for Defendant:*

**Christopher Rogers Fertig**
Fertig & Gramling
200 SE 13th Street
Fort Lauderdale, FL 33316
954-763-5020
Fax: 763-5412
Email: chris.fertig@fertig.com

**Darlene M. Lidondici**
Fertig & Gramling
200 SE 13th Street
Fort Lauderdale, FL 33316
954-763-5020
Fax: 763-5412
Email: dml@fertig.com
*ATTORNEY TO BE NOTICED*

**Seth Edward Harris**
Fertig & Gramling
200 Southeast 13th Street
Fort Lauderdale, FL 33316
(954) 763-5020
Fax: (954) 763-5412
Email: seh@fertig.com