UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 10-CIV-20938-KMW/Turnoff

NICOLAS ESTRELLA,

    Plaintiff,
vs.

FEDERAL INSURANCE COMPANY

    Defendants.

_____/

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANT'S MOTION FOR LEAVE TO RE-TAKE
DEPOSITION OF JOSE CABALLERO**

COMES NOW the Plaintiff, NICOLAS ESTRELLA, by and through his undersigned counsel, and files this Memorandum of Law in Opposition to Defendant's Motion for Leave to Re-Take Deposition of Jose Caballero (D.E. 252) and states as follows:

1. Jose Caballero's deposition was taken by the Defendants on May 26, 2011. His deposition was filed with the Court on August 14, 2011 (D.E. 197). Discovery has long since closed (June 29th, 2011) and the Pre-Trial Conference was held on May 8th, 2012 with a Trial Date of June 4th, 2012.

2. Defendant is now seeking to re-take Mr. Caballero's deposition one year later on the eve of trial. Defendant is arguing that, according to an Arrest Affidavit for a non-party witness, Robert Figueredo, (attached to Defendant's Motion as D.E. 252-1, page 2), Jose Caballero stated on July 11, 2011 (in direct contravention to his previous sworn testimony of approximately a couple of months prior) that "he was approached by Mr. Figueredo to help him out and that he would pay

him...". This is in reference to a pending charge of Grand Theft against Robert Figueredo for theft of the M/Y "Star One", the subject vessel of this lawsuit.

3. Now, Defendant argues that it appears Jose Caballero may perhaps be changing his sworn deposition testimony which he gave to this Court in a deposition almost one year ago. (The Defendant states in it's motion that it "suggests that Mr. Caballero has changed his testimony".) Apparently, this possible change in testimony has been known, at least to the Florida Division of Financial Services, who produced this arrest affidavit, for almost a year now.[1]

4. Now, on the eve of trial, Defendant is seeking to re-depose Mr. Caballero almost one year after the discovery deadline of June 29, 2011 (D.E. 108). Defendant is seeking to re-depose Mr. Caballero based on this suggestion of a change in his testimony.

5. There has been no showing that Mr. Caballero will not be available for trial during the two-week trial period commencing June 4, 2012. Should he wish to add to, contradict or even change his previous deposition testimony, he should be required to do so in open court as would any other witness.

6. This is not a matter of a discovery of new evidence or a new witness as set forth in Local Rule 16.1(i) for the Southern District of Florida. This is the same witness testifying to the same questions asked previously about the same events. Defendant is now seeking to ask the same questions again as they have suggested that he may now be giving different testimony or wishes to change his testimony.

---

[1] The affidavit states Caballero's statement was on July 11th, 2011. It is unknown whether or how long this has been known by Defendant Federal Insurance Company.

Local Rule 16.1 states that:

(h) *Discovery Proceedings..* --All discovery proceedings must be completed no later than fourteen (14) days prior to the date of the pretrial conference, or if no pretrial conference is held, fourteen (14) days prior to the call of the calendar, unless further time is allowed by order of the Court for good cause shown.

(i) *Newly Discovered Evidence or Witnesses..* --If new evidence or witnesses are discovered after the pretrial conference, the party desiring their use shall immediately furnish complete details thereof and the reason for late discovery to the Court and to opposing counsel. Use may be allowed by the Court in furtherance of the ends of justice.

Clearly this is not a new witness. It is also not "new" evidence. It is the same questions about the same circumstances. The only "new" question is whether this witness will now change his testimony or under the circumstances will he even give further testimony.

Furthermore, this subject has come up well before now. Lorene Bariso, in her deposition (D.E. 177) taken one year ago on May 18th, 2011, spoke about a Captain named "Joe" being involved and identified him by description, job, boat, etc. This is clearly not a new theory or a new person or a new piece of evidence. The arrest affidavit attached to Defendant's Motion (D.E. 252 -1) is not evidence for trial and not admissible evidence.

WHEREFORE, Plaintiff respectfully requests this Court to deny Defendant's Motion for Leave to Re-Take the Deposition of Jose Caballero.

**CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED that a true and correct copy of the foregoing was served via transmission of Notice of Electronic Filing generated by CM/ECF this 21st day of May, 2012, to: Christopher R. Fertig, Esq., Fertig & Gramling, 200 S.E. 13th Street, Ft. Lauderdale, FL 33316.

Respectfully submitted,

KARCHER, CANNING & KARCHER
Attorneys for Plaintiff
888 S.E. Third Avenue, Suite 300
Ft. Lauderdale, FL 33316
Telephone: 954/356-6999
Facsimile: 954/356-6889

By:  /s/ Michael R. Karcher
    MICHAEL R. KARCHER, ESQ.
    FLA. BAR NO. 516287
    E-mail: mrk@ukandk.com
and
    Robert Burlington, Esq.
    Abigail Parent, Esq.
    Coffey Burlington, P.L.
    Co-Counsel for Plaintiff
    2699 S. Bayshore Drive, PH
    Miami, FL 33133
    Tel:  305/858-2900
    Fax: 305/858-5261
    e-mail: rburlington@coffeyburlington.com