IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-CV-20938- KMW

NICOLAS ESTRELLA,

Plaintiff,

v.

FEDERAL INSURANCE COMPANY,

Defendant.
_____/

## DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE MOTION FOR LEAVE TO TAKE THE DEPOSITION OF JOSE CABALLERO

COMES NOW, Defendant Federal Insurance Company, by and through undersigned counsel, and files this Reply to Plaintiff's Response to Motion for Leave to Take the Deposition of Jose Caballero and would state as follows:

1. Jose Caballero is a material witness to this matter who was timely disclosed, has been appropriately identified by Defendant on its Witness List, and has been served with a subpoena to appear at trial to give testimony.

2. Defendant sought leave to re-depose Mr. Caballero on the basis that his testimony has apparently changed, an assumption which is based upon a Complaint/Arrest Affidavit related to charges filed against Robert Figueredo.

3. Plaintiff opposes reconvening the deposition of Mr. Caballero on two grounds; that this testimony is not new and a second deposition should have been held prior to the close of discovery in this case, and that Mr.

    Caballero should be required to add, amend, or change his testimony in open court.

4. Although Mr. Caballero's statement to law enforcement was made on July 11, 2011[1], the Complaint/Arrest Affidavit was not filed by law enforcement until the time of Mr. Figueredo's arrest on or about May 7, 2012, and Defendant was not aware of its content until after the Pretrial Conference in this matter, which occurred on May 8, 2012.

5. Plaintiff asserts that "this possible change in testimony has been known, at least to the Florida Division of Financial Services, who produced this arrest affidavit, for almost a year now."  However, Defendant is not affiliated or associated with this state agency and is not privy to the ongoing investigations conducted by the Florida Division of Financial Services.  Defendant had no knowledge of the substance of Caballero's statement taken by that department until the statement became part of the public record, more specifically, until the filing of the Complaint/Arrest Affidavit.

6. As Defendant does not control the witness, it has no knowledge as to whether or not Mr. Caballero intends to stand by his original testimony, amend his testimony, or refuse to testify on some specific ground.[2]  Mr. Caballero has been properly served with a trial subpoena and Defendant

---

[1] Even had Defendant had immediate knowledge of the substance of the statement given by Mr. Caballero, which it did not, this statement was given after the close of discovery in this case, which was on or about June 29, 2011.

[2] Defendant has been advised that Mr. Figueredo intends to invoke his 5th Amendment rights at trial but has received no such advice from Mr. Caballero.

has no reason to believe that he will not appear at trial pursuant to the subpoena.

7. Plaintiff notes that a captain "Joe" was identified by Lorene Bariso at her deposition on May 18, 2011. The first deposition of Mr. Caballero occurred after this deposition.

8. It is noteworthy that the change of heart/testimony by Mr. Caballero after his deposition was not procured by any action of the defendant. Defendant has not spoken to or had access to Mr. Caballero since his deposition concluded.

9. The Court can appreciate how the existence of an admitted eye witness to the scuttling event is a significant development and one which may profoundly impact the outcome of the trial.

10. The purpose of trial is not to conduct discovery. The Court is aware that questions taken during discovery depositions are much broader and include evidence that may lead to other admissible evidence. Trial time should not be spent with counsel exploring the boundaries of the scope of the eye witness' knowledge. Further, trial is not the time to learn about new witnesses or the existence of other relevant evidence not previously known. It is not known if Mr. Caballero can identify other witnesses or evidence but the potential is present and should be explored prior to trial.

11. Without opportunity to depose Mr. Caballero before trial, the parties are unable to determine what objections and evidentiary issues may be

presented by his change of testimony and/or to brief the issues for the court.

12. The defendant seeks this relief at this time in an effort to avoid a potential mistrial arising from Caballero's testimony or any party being subject to surprise at trial.

13. Any new or amended testimony that Mr. Caballero may give is "new evidence" which was "discovered after the Pretrial Conference" in accordance with Local Rule 16.1(i).

14. In the interests of justice to allow the re-convening of Caballero's deposition to discover the extent and nature of his testimony. The request is consistent with the spirit and intent of the Federal Rules of Procedure with respect to discovery.

15. Pursuant to Local Rule 16.1(i), "Use may be allowed by the Court in furtherance of ends of justice."

WHEREFORE, Defendant respectfully requests an Order from this Court granting Leave to Take the Deposition of Jose Caballero.

>Respectfully Submitted,
>Fertig & Gramling
>Attorneys for Federal Insurance Company
>
>**s/ *Christopher R. Fertig*** 
>SETH E. HARRIS (076217)
>seh@fertig.com
>
>CHRISTOPHER R. FERTIG (218421)
>chris.fertig@fertig.com
>
>DARLENE M.LIDONDICI (516521)
>dml@fertig.com

                                      Fertig & Gramling
                                      200 Southeast 13th Street
                                      Fort Lauderdale, FL 33316
                                      Telephone:   954-763-5020
                                      Facsimile:    954-763-5412

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 21, 2012, this document was electronically filed with Clerk of the Court using CM/ECF. I also certify that on this day, the foregoing document is being served on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

## **SERVICE LIST**

Christopher R. Fertig (Florida Bar #218421)
Seth E. Harris (Florida Bar #076217)
Fertig & Gramling
200 Southeast 13th Street
Fort Lauderdale, FL 3 3 316
Telephone: 954-763-5020
Facsimile: 954-763-5412
chris.fertig@fertig.com
seh@fertig.com
Attorneys for Federal Insurance Company

Michael R. Karcher (Florida Bar #516287)
Karcher, Canning & Karcher
888 SE Third Avenue - #300
Fort Lauderdale, FL 33316
Telephone: 954-356-6999

Facsimile: 954-356-6889
mrk@ukandk.com
Attorneys for Nicolas Estrella

Robert K. Burlington (Florida Bar No. 261882)
Jeffrey B. Crockett (Florida Bar #347401)
Abigail Parent (Florida Bar #72284)
Coffey Burlington, P.L.
2699 South Bayshore Drive, Penthouse
Miami, Florida 33133
Telephone: 305-858-2900
Facsimile: 305-858-5261
rburlington@coffeyburlington.com
jcrockett@coffeyburlington.com
aparent@coffeyburlington.com
Attorneys for Nicolas Estrella