IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-20938-CIV-KMW/Turnoff

NICOLAS ESTRELLA,

    Plaintiff,

v.

FEDERAL INSURANCE COMPANY,

    Defendant.
_____/

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR STAY OF TRIAL
OR ALTERNATIVE MOTION FOR DISMISSAL WITHOUT PREJUDICE**

In its Response to Plaintiff's Motion for Stay or Court Ordered Voluntary Dismissal Without Prejudice Pursuant to Rule 41(a)(2) ("Response") (D.E. #287), Defendant, Federal Insurance Company ("Federal"), urges this Court to deny Plaintiff's request for a stay and deny Plaintiff's alternative request for voluntary dismissal without prejudice unless such dismissal is conditioned upon Plaintiff's payment of Federal's fees and costs incurred in this case. For the reasons stated below, and the reasons stated in his initial Motion for Stay of Trial or Alternative Motion for Dismissal Without Prejudice ("Motion") (D.E. #286), this Court should reject the arguments set forth in Federal's Response and grant Plaintiff's request for a stay, or alternatively, dismissal without prejudice.

Federal's Response is based in large part on the Sworn Statement of Eric MacKenzie, taken on July 20, 2012, in which MacKenzie describes an alleged conspiracy regarding the scuttling of Star One and Plaintiff's alleged involvement in such conspiracy. Specifically, Federal contends that Plaintiff's instant Motion is "a tactical and strategic move by [Plaintiff] to

delay the proceeding in the hope the witnesses become unavailable at a later date." Resp. at 13. Federal states that Plaintiff "has clearly enunciated his intent to re-file and again pursue this claim at a later date notwithstanding the fact that the sworn statement of Eric MacKenzie clearly establishes [Plaintiff] was involved in the loss from the onset." *Id.* Federal further relies upon MacKenzie's Sworn Statement in support of its request for reimbursement of fees and expenses, should this Court dismiss this case. *See id.*

The Court should disregard the statement of Eric MacKenzie in its entirety, as MacKenzie has repeatedly demonstrated that he is not a credible source. In this very case, MacKenzie has admitted to perjuring himself at his May 2, 2011 deposition. *See* MacKenzie Sworn Statement (D.E. #288-1) at 55. On July 25, 2012, MacKenzie filed a Notice of Filing Sworn Recantation (D.E. #277), in which he admitted that almost ***forty pages*** of his sworn testimony contained false statements. Furthermore, and importantly, at MacKenzie's June 5, 2012 sentencing in Case No. 12-cr-20036-FAM, an unrelated matter in which MacKenzie was found guilty of alien smuggling offenses, Chief Judge Moreno enhanced MacKenzie's sentence upon finding that MacKenzie perjured himself when he took the stand in his own defense. Given MacKenzie's history of lying under oath, there is simply no reason to believe that MacKenzie is telling the truth in his Sworn Statement. Rather, it is apparent that MacKenzie is yet again saying whatever he believes will benefit him at this point in time. Accordingly, this Court should disregard MacKenzie's Sworn Statement when considering Plaintiff's Motion.

Furthermore, while arguing that it is Plaintiff's burden to demonstrate that a stay is appropriate in the instant case and that a stay is only ***required*** in certain circumstances, Federal ignores the fact that this Court has broad discretion in deciding whether to grant or deny a stay and that this Court's decision will not be disturbed absent an abuse of discretion. *See Diaz v.*

*Jenne*, No. 05-61477-CIV-COOKE, 2007 WL 624286, at *1 (S.D. Fla. Feb. 23, 2007) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936)).  "No question exists that this court has the power to stay a civil proceeding due to an active, parallel criminal investigation." *S.E.C. v. Healthsouth Corp.*, 261 F. Supp. 2d 1298, 1326 (N.D. Ala. 2003).  As discussed in detail in Plaintiff's initial Motion, the facts of this case justify the Court exercising its discretion in favor of a stay.

Finally, while Federal contends that it is prepared to move forward on its pending counterclaim if the dismissal of Plaintiff's action is not conditioned upon the reimbursement of fees and expenses, (*see* Resp. at 16), this Court is not precluded from dismissing this action in its entirety, including Federal's counterclaim.  Although Federal's declaratory judgment counterclaim is capable of surviving the dismissal of Plaintiff's complaint, in that the counterclaim "can remain pending for independent adjudication," Fed. R. Civ. P. 41(a)(2), this does not necessarily entail that the Court is compelled to move forward on that counterclaim. *See McGraw Edison v. Preformed Line Prods. Co.,* 362 F.2d 339, 342, 342 n.3 (9th Cir. 1966) (noting that "Rule 41(a)(2) neither precluded nor required dismissal of the counterclaim since it could remain pending for independent adjudication," and recognizing that whether the trial court could properly dismiss the counterclaim depends not upon Rule 41(a)(2), "but rather upon a construction of the Federal Declaratory Judgment Act"); *Phoenix Ins. Co. v. Harby Marina, Inc.*, 294 F. Supp. 663, 664 (N.D. Fla. 1969) ("The granting of relief by declaratory judgment is a matter within the sound discretion of the court." (quoting *Employers' Liab. Assur. Corp. v. Mitchell*, 211 F.2d 441, 443 (5th Cir. 1954))).  And, should this Court decide to dismiss this action without prejudice, conditioning Plaintiff's re-institution of this suit upon the payment of costs in this action is a sufficient condition to prevent Federal from being unfairly affected by

3

COFFEY BURLINGTON

OFFICE IN THE GROVE, PENTHOUSE   2699 SOUTH BAYSHORE DRIVE   MIAMI, FLORIDA 33133
T: 305.858.2900   F: 305.858.5261
Email: info@coffeyburlington.com   www.coffeyburlington.com

such dismissal. *See Pontenberg v. Boston Scientific Corp.*, 252 F.3d 1253, 1260 (11th Cir. 2001).

For the reasons stated above, and in Plaintiff's Motion for Stay of Trial or Alternative Motion for Dismissal Without Prejudice, Plaintiff respectfully requests that this Court stay the trial in this matter presently set for September 26, 2012, or, alternatively, dismiss this case without prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.

Respectfully submitted,

s/Jeffrey B. Crockett
Fla. Bar No. 347401
jcrockett@coffeyburlington.com
COFFEY BURLINGTON, P.L.
2699 South Bayshore Drive, Penthouse
Miami, Florida  33133
Tel:  305-858-2900
Fax: 305-858-5261

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via electronic notice by the CM/ECF system, this 5th day of September, 2012, on all counsel or parties of record.

s/Jeffrey B. Crockett

COFFEY BURLINGTON
OFFICE IN THE GROVE, PENTHOUSE   2699 SOUTH BAYSHORE DRIVE   MIAMI, FLORIDA 33133
T: 305.858.2900   F: 305.858.5261
Email: info@coffeyburlington.com   www.coffeyburlington.com